IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MIGUEL ANGEL MENDEZ-RODRIGUEZ : | CIVIL ACTION |
| : | |
| v. : | NO. 14-5862 |
| : | |
| CRAIG A. LOWE, WARDEN PIKE COUNTY : | |
| CORRECTIONAL FACILITY, et al. : | |

FILED

FEB 13 2015

E. KUNZ, Clerk
___Dep. Clerk

## MEMORANDUM OPINION

Savage, J.                                                              February 12, 2015

The respondents move to transfer this habeas action brought under 28 U.S.C. § 2241 by Miguel Angel Mendez-Rodriguez to the Middle District of Pennsylvania where he is detained by Immigration and Customs Enforcement ("ICE") pending removal. Rodriguez opposes transfer, arguing that his petition is not a "core habeas" petition subject to *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), which held that jurisdiction lies in the district of confinement. We conclude that the Middle District has exclusive jurisdiction over the petition. Therefore, we shall grant the motion to transfer.

### Facts

Miguel Angel Mendez-Rodriguez, a national and citizen of Mexico, is currently detained at the Pike County Correctional Facility in the Middle District of Pennsylvania pending his removal to Mexico or an appellate ruling reversing the order of removal. Rodriguez seeks release pending a decision or a hearing requiring the government to demonstrate that continued detention is justified.[1]

---

[1] Pet. for Writ of Habeas Corpus ("Habeas Pet.") at 12 (Doc. No. 1).

Rodriguez entered the United States in 1995 at the age of five.[2] On March 12, 2008, he became a legal permanent resident.[3] Later, he was convicted on two separate occasions in state court.[4]

Based on these convictions, ICE initiated removal proceedings on June 18, 2012.[5] On February 10, 2014, Immigration Judge Andrew Arthur ordered that Rodriguez is removable because he had been convicted of two separate crimes involving moral turpitude pursuant to Section 237(a)(2)(A)(i)(I) of the Immigration and Nationality Act ("INA.")[6] The Board of Immigration Appeals affirmed the removal order on March 11, 2014. The Third Circuit Court of Appeals granted a stay on August 13, 2014, pending its ruling in *Mahn v. Attorney General*, and its application to Rodriguez's case.[7] Although the Third Circuit has decided the *Mahn* case, it has not yet ruled on Rodriguez's case.[8]

Rodriguez filed his petition for a writ of habeas corpus in this court on October 16, 2014. In his petition, he contends that, in light of the *Mahn* ruling, his continued detention is "manifestly unjust" and violates his rights under the INA, the Fifth and Eighth Amendments, and international law.[9] On December 5, 2014, the government

---

[2] *Id.* ¶¶ 2, 10.

[3] *Id.* ¶ 11.

[4] *Id.* at ¶ 12; *id.* Ex. A (Removal Decision and Order) at 4.

[5] Habeas Pet. ¶ 12.

[6] *Id.* ¶ 15; 8 U.S.C. § 1227(a)(2)(A)(i)(I).

[7] Habeas Pet. ¶¶ 16, 20.

[8] *Id* ¶ 20.; Resp't Mot. to Transfer Pet. at 2 (Doc. No. 4).

[9] Habeas Pet. at ¶ 30. Rodriguez makes several substantive claims in his habeas petition, which the Court cannot reach until it determines the jurisdictional issues. *Id.* ¶¶ 29, 31-37.

moved to transfer the petition to the Middle District of Pennsylvania.[10]

## Analysis

In *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), the Supreme Court held that the proper defendant in core habeas proceedings is the warden of the facility where the prisoner is held, and jurisdiction lies only in the district of confinement. *Id.* at 443, 446-47; *Yakubova v. Gonzalez*, Civ. A. No. 06-4184, 2006 WL 3407988, at *2 (E.D. Pa. Nov. 24, 2006) (interpreting *Rumsfeld v. Padilla*). There are no exceptions to these rules, even when "exceptional, special or unusual" circumstances exist. *Padilla*, 542 U.S. at 448-50.

A core habeas petition is one where the petitioner challenges his present physical custody. *Padilla*, 542 U.S. at 435. A habeas corpus petition is the vehicle a prisoner may use to challenge the execution of his sentence or validity of his confinement. *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002); *Jennings v. Holt*, 326 F. App'x 628, 630 (3d Cir. 2009) (citing *Padilla*, 542 U.S. at 443). A petition that does not relate to either is not a core habeas claim. *Santos v. Ebbert*, Civ. A. No. 10-1746, 2010 WL 5019061, at *2 (M.D. Pa. Sept. 23, 2010).

Rodriguez contends that *Padilla* does not apply because he is a detained alien. He cites *Farez-Espinoza v. Chertoff*, 600 F. Supp. 2d 488, 492-95 (S.D.N.Y. 2009), a district court case which held that habeas proceedings involving aliens detained pending removal are not core habeas proceedings. Instead of applying the *Padilla* rule, the *Farez-Espinoza* court relied on traditional venue principles to determine whether the

---

[10] Resp't Mot. to Transfer Pet. at 2-3.

case should be transferred. *Farez-Espinoza*, 600 F. Supp. 2d at 495-96. This holding, which has no precedential value, is at odds with Third Circuit precedent.

The *Padilla* court noted that it did not address whether its holding extended to habeas petitions filed by aliens awaiting deportation. *Padilla*, 542 U.S. at 435 n.8. However, the Third Circuit has held that habeas petitions filed by aliens awaiting deportation must be filed in the district of confinement. *Yi v. Maugans*, 24 F.3d 500, 503, 507 (3d Cir. 1994); *Meyers v. Warden of Allenwood USP*, 553 F. App'x 257, 257-58 (3d Cir. 2014) (citing *Padilla*, 542 U.S. at 443); *U.S. v. Banks*, 372 F. App'x 237, 239-40 (3d Cir. 2010). Therefore, a petition seeking release from continued detention by immigration authorities is subject to the *Padilla* jurisdiction rule.[11]

Rodriguez also argues that *Padilla* is not controlling because it applies only to core habeas petitions and his is not a core habeas petition.[12] He contends that he is not only challenging his present physical confinement, but also ICE's authority to continue to detain him.[13] Invoking venue standards, he claims venue is appropriate in this district because this is where a substantial part of the events giving rise to his claim occurred and where one of the defendants, Thomas Decker, the Philadelphia Field Office Director of ICE, resides.[14]

---

[11] District courts in the Third Circuit have consistently applied the *Padilla* rule to alien petitioners, transferring their habeas petitions to the district of confinement. *See Grigorian v. Morton*, Civ. A. No. 10-3441, 2010 WL 2902537, at *2-3 (E.D. Pa. July 23, 2010); *Nasereddin v. Dep't of Homeland Sec.*, No 07-cv-0877, 2007 WL 1276955, at *1-2 (E.D. Pa. April 27, 2007); *Yakubova v. Gonzalez*, 2006 WL 3407988, at *2 (E.D. Pa. Nov. 24 2006); *Valdivia v. I.N.S.*, 80 F. Supp. 2d 326, 332-33 (D.N.J. 2000); *Petrova v. Dir. of I.N.S.*, No. 95-8002, 1996 WL 8022, at *2 (E.D. Pa. Jan. 2, 1996); *Dill v. Zickefoose*, Civ. A. No. 14-2278, 2014 WL 3843949, at *2 n.6 (E.D. Pa. Aug. 4, 2014) (quoting *Jennings*, 326 F. App'x at 630).

[12] Habeas Pet. ¶ 8; Answer to Resp't Mot. to Transfer at 3 (Doc. No. 5).

[13] Answer to Resp't Mot. to Transfer Pet. at 3-4.

[14] *Id.* at 2.

No matter how Rodriguez characterizes his petition, it is a core habeas petition. Just as Padilla did, Rodriguez challenges his "physical custody imposed by the Executive – the traditional core of the Great Writ." *Padilla*, 542 U.S. at 441. Specifically citing 28 U.S.C. § 2241 as the basis for his cause of action, Rodriguez challenges his detention by ICE at the Pike County Correctional Facility.[15] His additional contention that ICE lacks authority to detain him "in any fashion" does not transform his claim into anything other than a core habeas petition.[16] Because he seeks relief pursuant to the habeas statute and challenges his present confinement, Rodriguez's claim is a core habeas petition subject to the *Padilla* jurisdictional rule.

The only district where jurisdiction lies in this core habeas action is the Middle District of Pennsylvania, the district where Rodriguez is confined and his custodian is located. *E.g. Donahue v. Schultz*, Civ. A. No. 06-3248, 2007 WL 172334, at *2 (E.D. Pa. Jan. 22, 2007). Therefore, we shall grant the respondents' motion to transfer the action to the Middle District of Pennsylvania.[17]

---

[15] Habeas Pet. ¶¶ 1, 8.

[16] Answer to Resp't Mot. to Transfer Pet. at 4.

[17] When a court finds that it lacks jurisdiction it shall, "if it is in the interest of justice," transfer the action to any court in which it could have been brought at the time it was filed. 28 U.S.C. § 1631. The determination of whether a case should be transferred in the interest of justice is left to the discretion of the District Court. *Island Insteel Sys., Inc. v. Waters*, 296 F.3d 200, 218 n. 9 (3d Cir. 2002).